UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>           Plaintiff,<br><br>      v.<br><br>A5 HOSPITALITY LLC,<br><br>           Defendant. | No.  2:20–cv–02164–DJC–KJN<br><br>ORDER |

Presently pending before the court is plaintiff Orlando Garcia's motion for default judgment against defendant A5 Hospitality, LLC, which is the only named defendant in this action.[1]  (ECF No. 17.)  After defendant failed to file an opposition to the motion in accordance with Local Rule 230(c), the motion was submitted on the record and written briefing pursuant to Local Rule 230(g).  (ECF No. 20.)

For the reasons discussed below, the court DENIES plaintiff's motion for default judgment.

///

///

///

---

[1] This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Local Rule 302(c)(19).

1

I. <u>Background</u>

Plaintiff initiated this action on October 28, 2020, alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA") and California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq. (<u>See generally</u> ECF No. 1.)  Plaintiff, who suffers from cerebral palsy, can use only one arm and has limited mobility, relying on either a wheelchair, walker, or cane. (<u>Id.</u> at ¶ 1.)  Defendant owns and operates the Comfort Inn & Suites Rancho Cordova-Sacramento Hotel, located at 12249 Folsom Blvd., in Rancho Cordova, California. (<u>Id.</u> at ¶ 2.)

Plaintiff alleges that on October 19, 2020, he visited defendant's hotel website in order to make a hotel reservation for a trip to the Sacramento-area in January 2021. (<u>Id.</u> at ¶¶ 12-13, 15.)  Upon visiting the website, plaintiff found it was missing information that he needed to determine whether the hotel met his specifications, and as a result, plaintiff was unable to make a reservation and was deterred from patronizing the hotel. (<u>Id.</u> at ¶¶ 16-19).  Specifically, the website did not inform patrons whether the bedroom had clear floor space, if the toilet and sink are accessible, if the table/desk is accessible, or if the common areas are accessible. (<u>Id.</u> at ¶ 16.)  The website did state that the hotel was accessible, indicated the number and type of beds (one king bed), informed of the bathing facilities (bathroom with handrails) and accessibility (wheelchair accessible). (<u>Id.</u>)  Plaintiff does not allege that he was unable to obtain this information by contacting the hotel.

Plaintiff's motion for default judgment seeks injunctive relief and statutory damages pursuant to California's Unruh Civil Rights Act; and attorneys' fees and costs pursuant to the ADA and California's Unruh Civil Rights Act. (<u>Id.</u>)

Defendant was served process on December 4, 2020, and plaintiff filed the proof of service on January 25, 2021. (ECF No. 4).  On March 8, 2021, the clerk's office entered default against defendant. (ECF No. 10.)  The instant motion was filed in April 2022. (ECF No. 17.)

////
////
////

II. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. <u>See</u> Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." <u>PepsiCo, Inc. v. Cal. Sec. Cans</u>, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing <u>Draper v. Coombs</u>, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. <u>Id.</u> at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing <u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); <u>accord</u> <u>Fair Housing of Marin v. Combs</u>, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." <u>Cripps v. Life Ins. Co. of N. Am.</u>, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978)); <u>accord</u> <u>DIRECTV, Inc. v. Hoa Huynh</u>, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); <u>Abney v. Alameida</u>, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim"). A party's default does not establish the amount of damages. <u>Geddes</u>, 559 F.2d at 560.

III. Discussion

A. Appropriateness of the Entry of Default Judgment Under the Eitel Factors

*Factor One: Possibility of Prejudice to Plaintiff*

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without another recourse against defendant. Accordingly, the first Eitel factor favors the entry of a default judgment.

*Factors Two and Three: Merits and Sufficiency of Complaint*

The court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175. Generally, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)).

To state a claim under Title III of the ADA, which prohibits discrimination by public accommodations, plaintiff must allege (1) he is disabled within the meaning of the ADA; (2) defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) plaintiff was denied public accommodations by the defendant because of his disability. Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Here, plaintiff alleges defendant violated the ADA's reservations rule, under which a public accommodations' reservations service must "[i]dentify and describe accessible features in the hotels and guest rooms […]". 28 C.F.R. § 36.302(e)(1)(ii). Accessible features must be identified and described "in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." Id.

4

The Department of Justice (DOJ) guidance sets forth how hotels may comply with ADA regulations, which courts give "controlling weight." See 28 C.F.R. Pt. 36, App. A; Love v. Marriott Hotel Servs., Inc., 40 F.4th 1043, 1048 (9th Cir. 2022).  The guidance recognizes that hotels that may use the term "accessible" in reference to different features.  Id.  For instance, an "accessible" bathroom could contain either a roll-in shower or a bathtub, in which case the hotels must explain the accessible features so that individuals with disabilities can evaluate whether those features meet their needs.  Id. See 28 C.F.R. Pt. 36, App. A.  In Love v. Marriott Hotel Services., Inc., the court determined the term "accessible," as used on a hotel website, was shorthand for compliance with ADA regulations and guidelines.  40 F.4th at 1045.[2]  For individuals who seek additional information, the guidance requires that patrons be able to contact the hotel or reservations service for more detailed information and that trained staff (including staff located on-site at the hotel and staff located off-site at a reservations center) should be available to provide additional information.  See 28 C.F.R. Pt. 36, App. A; Love v. Ashford San Francisco II LP, 2021 WL 1428372, at *4 (N.D. Cal. Apr. 15, 2021) (citing Strojnik v. Orangewood LLC, 2020 U.S. Dist. LEXIS 11743, at *19 (C.D. Cal. Jan. 22, 2020)) ("[The 2010 Guidance] provides further support that websites need not include all potentially relevant accessibility information; if a website was required to have all relevant information, individuals would not need to call the hotel to get further information.").

In Love v. Marriott Hotel Services., Inc., the plaintiff alleged the hotel violated the reservations rule by failing to describe certain accessible features.  40 F.4th 1043, 1045 (9th Cir. 2022).  However, the court found the hotel website met the ADA standards because the website stated the hotel was accessible, listed some accessible features, and provided contact information where individuals could make further inquiries.  Id.  Here, plaintiff alleges the website did not describe certain accessible hotel features, such as whether there was compliant clear floor space,

---

[2] Under the ADA standards "accessible sleeping rooms shall have a 36 in. [ ] clear width maneuvering space located along both sides of a bed," 28 C.F.R. pt. 36 app. D § 9.2.2(1); toilet seats must be 17–19 inches high with grab bars provided, id. §§ 4.16.3, 4.16.4; that sinks must have knee clearance that is at least 27 inches high, 30 inches wide, and 19 inches deep, id. § 4.24.3; and accessible showers must have seats and grab bars, id. §§ 4.21.3, 4.21.4.

5

and accessible "toilet/sink," "desk/table," and common areas. (ECF No. 1 at ¶ 16.) Yet the hotel website specifies the hotel is accessible and describes at least some other features (has one king-sized bed, a bathroom with handrails, is wheelchair accessible, and has accessible ramps). (Id.) Further, plaintiff has not alleged that he was unable to obtain the information he sought by contacting hotel staff.

Accordingly, plaintiff's complaint falls short of stating a cognizable claim that defendant violated the reservations rule. As plaintiff's ADA claim is insufficiently pleaded, the second and third factors therefore weigh against a finding of default. Danning, 572 F.2d at 1388 ("necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default").

In addition to the ADA claim, plaintiff asserts a claim under the Unruh Act (California state disability law). Because plaintiff's ADA claim is insufficiently pled, he has also failed to plead a violation of the Unruh Act.

*Factor Four: The Sum of Money at Stake*

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). In this case, plaintiff seeks a default judgment in the amount of $6,761.80 in fees and costs, plus $4,000 in statutory damages, for a total of $10,761.80. (ECF No. 17-1 at 10-11.) This is not a particularly large or unreasonable sum and does not weigh against default judgment.

*Factor Five: The Possibility of a Dispute Concerning Material Facts*

"The fifth Eitel factor considers the possibility of dispute as to any material facts in the case." PepsiCo, 238 F. Supp. 2d at 1177. Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps, 980 F.2d at 1267 (citing Danning, 572 F.2d at 1388). As plaintiff's complaint is insufficiently pleaded, the fifth Eitel factor does not weigh in favor of granting default judgment.

////

*Factor Six: Whether the Default Was Due to Excusable Neglect*

In this case, there is simply no indication in the record that defendant's default was due to excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

*Factor Seven: The Policy Favoring Decisions on the Merits*

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

IV.   Conclusion

On balance, the court finds the Eitel factors favor denying default judgment, particularly in light of the court's finding that the motion does not seek default judgment on a plausibly pleaded claim. See DIRECTV, 503 F.3d at 854-55 (affirming denial of default judgment where plaintiff failed to state a claim); Dureau v. Allenbaugh, 708 F. App'x 443, 444 (9th Cir. 2018) (allegations of necessary elements that were "wholly conclusory" such that plaintiff "failed to state a claim on which relief could be granted necessitate[ed] the denial of [plaintiff's] motion for default judgment") (citation and internal punctuation marks omitted).

Accordingly, plaintiff's motion for default judgment is denied without prejudice. Plaintiff is granted leave to file an amended complaint within 28 days.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default judgment (ECF No. 17) is DENIED without prejudice;

////

////

2. Any amended complaint shall be filed within 28 days of this order.

Dated: August 11, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

garc.2164